UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IBRAHIMA DIALLO,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2848

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.14.)

In an order entered on October 8, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the September 21, 2026, bond hearing on October 14, 2026. (Resp., ECF No. 5; Recording of Sept.

21, 2026, Bond Hearing, filed on Oct. 14, 2026.) Petitioner filed his reply on October 16, 2026. (ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a citizen of Guinea who entered the United States on or around October 23, 2023. (Pet., ECF No. 1, PageID.5; Resp., ECF No. 5, PageID.22.) On January 12, 2026, Petitioner was arrested by ICE. (Resp., ECF No. 5, PageID.22.)

On May 8, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Diallo v. Raycraft* (*Diallo I*), No. 1:26-cv-1515 (W.D. Mich.). In *Diallo I*, the Court dismissed without prejudice the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for failure to exhaust administrative remedies by requesting a bond hearing in Immigration Court because the government conceded that Petitioner would be entitled to such a hearing if he requested one in Immigration Court. Op. & Jud., *Diallo I*, (W.D. Mich. June 1, 2026), (ECF Nos. 6, 7).

On September 21, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2.) At the conclusion of the hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "[Petitioner] has a removal order (pending appeal before the BIA) based upon his application having been pretermit. [Petitioner] is a flight risk." (Immigration Judge Order, ECF No. 5-4, PageID.45.) The Immigration Judge also orally stated: "I do think it's [Petitioner's] burden, I will say even if it was the department's burden, I do think they would have shown that he was a flight risk by clear and convincing evidence but, I do think it is the [Petitioner's] burden." (Recording of Sept. 21, 2026, Bond Hearing, at 9:16–9:19, filed on Oct. 14, 2026.)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on September 21, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, the Court will deny Petitioner's § 2241 petition without prejudice. (Immigration Judge Order, ECF No. 5-4, PageID.45; Recording of Sept. 21, 2026, Bond Hearing, at 9:16–9:19, filed on Oct. 14, 2026.) Although the Immigration Judge appeared to place the burden of proof on Petitioner, he expressly stated that the government had satisfied the clear-and-convincing-evidence standard. Accordingly, the record provides no basis to order a new bond hearing.[1]

---

[1] The Court notes that current counsel represented Petitioner at the September 21, 2026 bond hearing. At the outset, counsel asked the Immigration Judge which burden of proof he was applying but did not cite *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026), or otherwise argue that the Constitution requires the government to establish flight risk or dangerousness by clear and convincing evidence. The Immigration Judge afforded both parties a full opportunity to address Petitioner's flight risk and dangerousness before thoroughly analyzing the evidence and determining that Petitioner posed a flight risk. In light of counsel's initial inquiry regarding the burden of proof, the Immigration Judge also stated his belief that the government had met the clear-and-convincing-evidence standard. Counsel then asked the Immigration Judge to document in his order that Petitioner had failed to meet his burden of proof.

The Court admonishes counsel against strategically withholding a potentially dispositive legal argument at a bond hearing only to raise it later in an effort to secure a second opportunity to litigate the same issue. Counsel should not remain silent on a legal issue at the initial proceeding only to invoke it later in pursuit of a proverbial "second bite at the apple."

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 27, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge